# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. CAIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERTS, *et al.*,<br><br>                    Defendants. | Case No.  1:25-cv-00784-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Gregory L. Cain ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  Plaintiff's complaint, filed on June 27, 2025, is currently before the Court for screening.  (ECF No. 1.)

## I.    Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in *pro se* and *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

1

U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital. Plaintiff names the following current and former United States Supreme Court Justices as defendants in their individual capacities: (1) Chief Justice John G. Roberts Jr; (2) Anton Scalia; (3) Anthony M. Kennedy; (4) Clarence Thomas; (5) Ruth Bader Ginsberg; (6) Stephen G. Breyer; (7) Samuel A. Alto, Jr.; (8) Sonia Sotomayor; (9) Elena Kagan. Plaintiff also names John and Jane Does.

Plaintiff's complaint includes extensive argument, legal contentions, and conclusory assertions. The Court generally condenses and summarizes Plaintiff's allegations.

Plaintiff claims defendants engaged in a conspiracy to violate his constitutional rights. To that end, he brings this action against defendants "for erroneously enacting and upholding a law that infringes on the Civil and Constitutional Rights of the Plaintiff [and] violates his 1st, 4th, 5th, 8th, 9th, and 14th Amendments." (ECF No. 1 at 2.) He contends that these defendants who caused him "to be unconstitutionally committed are not entitled to absolute or qualified immunity from liability for damages" and that they "are not shielded from damages liability on grounds that

2

enacting and upholding an unconstitutional law is so lacking in indicia of probable cause as to render [their] belief in their act unreasonable." (*Id.*)

Plaintiff alleges he is a civil detainee housed at the Department of State Hospitals-Coalinga.  He has been involuntarily confined there under the California SVPA for 18+ years.  Plaintiff asserts that defendants entered into a criminal conspiracy to create a civil rights violation of the constitution.  Among other things, Plaintiff alleges that defendants cannot avoid civil rights liability "for causing the unconstitutional Civil Commitment of Plaintiff because it is not objectively reasonable, for it created an unnecessary danger of emotional instability in Plaintiff."  (ECF No. 1 at 3.)

Plaintiff claims that on September 12, 2017, defendants "had an opportunity to correct a flawed doctrine that has plagued American Society for three decades.  They have relied on junk science to justify punishing more than 900,000+ Americans.  The larger problem is that 'Civil Commitment' has been justified by assertions about the recidivism of sex offenders."  (ECF No. 1 at 3.)  Plaintiff contends that civil commitment is the most extreme example of punishments on people convicted of sex crimes and defendants "have adopted a doctrine that allows for such restrictions that are frightening and unchecked.  It ascribes a recidivism rate of 80%, yet . . . the 80% is a an entirely invented number."  (*Id.* at 4.)  Plaintiff further contends that "[t]he Solicitor General Ted Olson, at the time cited it, and Justice Anthony Kennedy . . . adopted the figure in a 2002 opinion.  Justices William Rehnquist, Antonin Scalia and Clarence Thomas joined."  (*Id.*)  Plaintiff alleges that 30 years since, there have been "hundreds of evidence-based, scientific studies on the question of recidivism rate for sex offenders" and the "results of those studies are astonishingly consistant [sic]:  convicted sex offenders have among the LOWEST rates of same-crime recidivism of any category of offenders."  (*Id.*)  Plaintiff asserts that "Americans should be able to look to our highest court and expect decisions that are based on sound reason not misrepresentation of pseudo science and fear."  (*Id.*)

Plaintiff asserts that defendants "must be wise and brave when it comes to making and interpreting the law, including being willing to acknowledge their mistake and finally correct the record."  (ECF No. 1 at 4.)  He asserts that more than 900,000+ Americans have "needlessly

suffered humiliation, ostracism, banishment, re-incarnation, and civil commitment thanks to a judicial opinion based and grounded in an unsourced, unscientific study." (*Id.* at 4-5.)  Plaintiff alleges defendants violated his rights by (1) failing to see the violation of statutory requirements for release from confinement in violation of the Fourteenth Amendment; (2) failing to provide for appropriate procedural protections in violation of the Fourteenth Amendment; (3) failing to follow policies, directives, regulations, and statutes in violation of the First Amendment.

Plaintiff argues that the qualified immunity defense does not shield those who knowingly violate the law, which defendants "have done repeatedly by refusing to exercise reasonable professional judgment." (ECF No. 1 at 5.)  Plaintiff claims that defendants knew that their actions would violate the constitutional rights of Plaintiff.  He further claims that by "upholding a criminally illegal law that violates the rights of a class of citizens, [defendants] have opened a venue of cruel and unusual punishment by the imposition of excessive confinement for the 'CRIME' of being an SVP." (*Id.*)  Plaintiff argues that "the evidence supports a finding of aggravating circumstances, whereas the emotional abuse is excessive and disproportionate to the limits of Plaintiff's mental state." (*Id.*)

Plaintiff argues that the excessive confinement is imposed arbitrarily and capriciously and the statutory scheme under which he was committed is not constitutional.  He asserts that defendants never confronted the fundamental claim of emotional distress and that excessive confinement has led him to a state of depression and anxiety, "an unnecessary form of cruelty . . . forbidden by the 8th and 14th Amendments." (ECF No. 1 at 6.)  He also asserts that defendants have entered a civil rights conspiracy that has deprived him of liberty forbidden by the 8th and 14th Amendments and they "have entered into inhumane and barbarous mental torture of Plaintiff's emotional stability." (*Id.* at 7.)  He claims to have suffered substantial anxiety and emotional distress for the 18+ years in addition to the original 6-year prison term and alleges that defendants conspired to force him in excessive confinement.

Plaintiff variously alleges that defendants' "bad faith action in breach of their fiduciary duties, fraud, negligent misrepresentation of power and their positions of power is a violation of the law," (ECF No. 1 at 8), defendants "have been guilty of oppression fraud, and malice, express

4

or implied," (*id.* at 8-9), defendants "acted with oppression, fraud and malice by being deliberately indifferent to their interference with Plaintiff's constitutional rights and that they acquiesced in their conduct by failing to take adequate steps to prevent it," (*id.* at 9), defendants "conspired to defraud Plaintiff of his constitutional rights when they upheld the illegal SVPA enacted by Congress," (*id.*), and defendants "have elicited in a practice of negligence, breach of duty and legal malpractice for the unprofessional failure to take actions to ensure Pilantiff's Due Process to safety," (*id.* at 10).

Plaintiff further alleges that his excessive confinement due to the SVPA is double jeopardy prohibited by the 5th amendment.  Plaintiff contends that by virtue of his civil commitment he has not been convicted of a new crime in many years yet has been civilly detained for 18+ years after completing his original 6-year prison term.   He also alleges that elementary principles establish the Government's obligation to provide for his emotional state and if defendants fail to do so, such a failure "will actually produce emotional torture."  (ECF No. 1 at 11.)  He asserts that civil commitment is a "Shadowy form of Incarceration" that the defendants "brought to life when they enacted and upheld a law they knew to be illegal and oppressive in nature and cause emotional scarring for life."  (*Id.*)

Plaintiff asserts that deliberate indifference on the part of defendants in the presence of a known danger, created by defendants' conduct, is sufficient to establish a due process violation for the emotional injury caused by the defendants who created the danger.  He contends that defendants "participated in a conspiracy in creating dangerous conditions of emotional distress which has led Plaintiff to being Depressed.  They have acted with ill intent and Deliberate Indifference to a known and obvious created danger in subjecting Plaintiff to the aftermath of their actions."  (ECF No. 1 at 11.)  Plaintiff claims that the complaint "holds facts demonstrating official deliberate indifference in creating a known danger on the part of the [defendants], which have to be found to have violated Plaintiffs' federally protected constitutional rights.  That they, in creating this danger, acted with gross negligence, recklessness and deliberate indifference."  (*Id.*)

Plaintiff contends that civil commitment facilities are not only legally and ethically

5

dubious, they also fail to deliver on the very objectives that justified their creation.  In claiming malicious persecution, Plaintiff asserts that the conduct of defendants is "not only insulting, malicious, and aggravating, it is 'atrocious' and 'utterly intolerable in a civilized society.'"  (ECF No. 1 at 13.)  He asserts that continued confinement constitutes the intentional infliction of emotional distress in violation of Fourteenth Amendment.  He alleges defendants "have acted negligently with regards to what Plaintiff's mental state would be after 18+ years of continued confinement.  Plaintiff has suffered emotional distress that is serious and verifiable." (*Id.* at 13-14.)  Plaintiff argues that it is "time for policymakers to right their wrong and close these so-called 'Civil Commitment Centers', because they are noting [sic] more than glorified prisons.  These facilities leverage pseudoscience to keep people under federal and state control." (*Id.* at 14.)

As relief, Plaintiff seeks his immediate release, reinstatement of his rights, declaratory and injunctive relief, and monetary damages.

### III.    Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is not short and plain statement of his claims.  Rather, it includes legal arguments, recitals of the elements of causes of action, and conclusory statements.  The complaint does not include sufficient factual matter to state a cognizable claim against any defendant.  As discussed below, Plaintiff's complaint does not include any factual allegations demonstrating that any defendant subjected or caused Plaintiff to be subjected to a violation of his

rights or establishing an actual connection or link between the actions of defendants and any deprivation alleged to have been suffered by Plaintiff.

## B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately include factual allegations establishing an actual connection or link between the actions of the named defendants or the doe defendants to a violation of Plaintiff's constitutional rights.  There is no indication that any named defendant or doe defendant was involved in or played any role in Plaintiff's civil commitment or continued confinement.  Instead, Plaintiff alleges only that certain defendants rendered an opinion 2002 or that defendants otherwise upheld laws.  Further, Plaintiff's conclusory statements are not sufficient to adequately link defendants to a deprivation alleged to have been suffered by Plaintiff.

## C. Judicial Immunity

Plaintiff brings suit against current and former United States Supreme Court Justices regarding actions taken in their official capacities as justices.  However, absolute immunity is generally accorded to judges functioning in their official capacities. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within

7

their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

Plaintiff's allegations concern actions taken by the named defendants in rendering court opinions.  These defendants are entitled to judicial immunity and Plaintiff's claims against them are not cognizable.

### D.  Habeas Corpus and *Heck v. Humphrey*

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. *Heck's* favorable termination rule also applies to civil detainees with access to habeas relief. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005).

Although Plaintiff raises various claims, the crux of Plaintiff's complaint is a challenge to his civil commitment and continued confinement in a state hospital and his main request for relief is immediate release. To the extent Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Simpson v. Ahlin*, No. 1:15-cv-01301-BAM (PC), 2016 WL 8731340, at *2 (E.D. Cal. Sept. 16, 2016) (petition for writ of habeas corpus exclusive method for civil detainee to challenge the validity of his continued commitment).

### E. Futility of Amendment

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### IV.    Conclusion and Recommendation

For the reasons stated, the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief under 42 U.S.C. § 1983.  Leave to amend is not warranted.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2026**                      /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE